IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DUSTIN BUSHELL,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER HATTERLY and<br>OFFICER MANDINGO,<br><br>Defendants. | CV 24-159-M-SPW<br><br>ORDER |

On December 2, 2025, Plaintiff Dustin Bushell was directed to show cause why this case should not be dismissed for failure to prosecute. (Doc. 29.) Bushell responded that he has limited representation from an attorney who has not performed the tasks asked of him. (Doc. 30.) Bushell sought, and was granted, an additional extension of 180 days, until after he was released from detention, to acquire legal representation and prosecute his case. (Doc. 31.) Bushell was advised that if he did not proceed by June 15, 2026, his case would be dismissed for failure to prosecute, without notice to him. (Doc. 31 at 2.) Bushell has not filed anything with the Court.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). The Court may dismiss a case on its own without awaiting a motion. *Hells Canyon Preservation Council v. United*

*States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Applied Underwriters, 913 F.3d at 890.* "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Bushell fails to participate in his case. Bushell's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the

Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Defendants have been served and have answered. They are held in suspense while Bushell delays, resulting in prejudice to them.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Here, Bushell simply fails to prosecute his case, despite extensions. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. This matter will be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

Accordingly, it is HEREBY ORDERED:

1.    This matter is DISMISSED for failure to prosecute.

2.    The Clerk of Court is directed to close the case and enter judgment.

3.    The Court certifies that appeal would not be taken in good faith.

DATED this 29th day of June, 2026.

Susan P. Watters, District Judge
United States District Court